**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHARLES HARRIS, | :: | CIVIL ACTION NO. |
| Inmate # 39741-019, | :: | 1:04-CV-2044-CAP |
| Plaintiff, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| RICHARD MECUM, | :: | BIVENS CIVIL RIGHTS |
| United States Marshal, | :: | ACTION |
| JEFF BOWIE, | :: | 28 U.S.C. § 1331 |
| Deputy United States Marshal, | :: | |
| TODD BINNION, | :: | |
| Contract Guard, | :: | |
| Defendants. | :: | |

**ORDER AND OPINION**

Now before the Court are Plaintiff's Complaint [Doc. 1], Defendants' Motion to Dismiss [Doc. 21], and Plaintiff's Memorandum of Law in Rebuttal [Doc. 24].

**I. PLAINTIFF'S COMPLAINT**

In his complaint, Plaintiff states that on March 30, 2004, while being transported by van from the courthouse to the federal penitentiary in Atlanta, Georgia, he was handcuffed and "ordered to sit on a chair inside the van that [was] not suitable for a handcuffed person because the chair was broken." Plaintiff states that he informed the van driver of the problem, but was told that it would be all right. Then, en route to the penitentiary, the van stopped abruptly, hurling Plaintiff to the floor at the back of the van. [Doc. 1 at 1-2.] Plaintiff claims that the van driver "negligently

failed to buckle" Plaintiff's seat belt, even after Plaintiff reminded him several times to do so, and he also alleges that the van driver intended to injure him. Plaintiff states that he suffered multiple injuries to his back, neck, and spine. [Id. at 2-3.] He also claims that the driver's supervisor failed to train and supervise the driver properly and failed to correct a "pattern and practice" of "using the van to injure and assault pretrial detainees," despite several prior complaints. [Id. at 3-4.] Plaintiff seeks compensatory and punitive damages and attorney's fees. [Id. at 4.]

## II. STANDARD FOR MOTION TO DISMISS

When considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a federal court accepts as true "all facts set forth in the plaintiff's complaint" and "limits its consideration to the pleadings and exhibits attached thereto." Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 n.11 (11th Cir. 2005) (noting that "federal courts view the allegations of the complaint in the light most favorable to the plaintiff . . . and accept all reasonable inferences therefrom") (internal quotations omitted). "At the motion-to-dismiss stage, a complaint may be dismissed . . . only if it appears beyond a doubt that [the plaintiff] can prove no set of facts . . . ." that would entitle him to relief. Id. at 1288 (internal quotations omitted).

2

### III.  MOTION TO DISMISS

In their motion to dismiss, Defendants address Plaintiff's claims both as federal tort claims brought against them in their official capacities and as Bivens claims[1] brought against them in their individual capacities.  [Doc. 21 Mem. of Law at 2-3.] Defendants state that, under the Federal Tort Claims Act (the FTCA), the United States is the only proper defendant in an official-capacity action brought against federal employees.  They assert that this Court lacks subject matter jurisdiction over Plaintiff's "indirect claims against the United States."  [Id. at 4-6.]  Defendants note that Plaintiff has not alleged that he has exhausted his administrative remedies with the United States Marshal Service, which is a prerequisite to bringing suit under the FTCA.  [Id. at 6 n.3.]

Likewise, Defendants state that Plaintiff has not alleged that he has exhausted his administrative remedies with respect to his Bivens claims, as is required by 42 U.S.C. § 1997e(a).  Therefore, Defendants argue, those claims also must be dismissed.  [Id. at 6-7.]  Finally, Defendants argue that they are entitled to qualified

---

[1] A "Bivens claim" is a civil rights claim brought against federal officials pursuant to the authority of Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and is the equivalent of a civil rights claim brought against state officials pursuant to 42 U.S.C. § 1983.

3

immunity from Plaintiff's Bivens claims because there was no clearly established law, at the time of the incident at issue here, that put them on notice that the failure to provide Plaintiff with a seat belt violated his constitutional rights. [Id. at 7-10.]

In his response to Defendants' motion to dismiss, Plaintiff does not allege that he has filed any administrative grievance or claim with respect to the incident underlying this action. He argues only that Defendants are not entitled to qualified immunity. [See Doc. 24.]

## IV.  DISCUSSION

### A.  Federal tort claims[2]

"It is well settled that sovereign immunity bars suits against the United States except to the extent that it consents to be sued." Means v. United States, 176 F.3d 1376, 1378 (11th Cir. 1999). The Federal Tort Claims Act, 28 U.S.C. § 1346(b), §§ 2671-2680, provides a "limited waiver" of this sovereign immunity, "making the United States liable for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office [or] employment.'" JBP Acquisitions, L.P.

---

[2]For completeness, the Court discusses these claims, although there is no indication in the record that Plaintiff intended to bring claims under the FTCA or that the Court allowed this action to proceed on that basis. [See Docs. 1, 10.]

4

v. United States ex rel. FDIC, 224 F.3d 1260, 1263 (11th Cir. 2000) (quoting 28 U.S.C. § 1346(b)).  A district court may not entertain an FTCA action, however, "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing."  28 U.S.C. § 2675(a).  The claim must be presented to the agency within two years of its date of accrual and to the district court within six months of the agency's mailing the notice of final denial of the claim.  28 U.S.C. § 2401(b).  Plaintiff has not alleged that he has filed any claim with the United States Marshal Service with respect to the incident at issue here, nor is there any evidence that he has done so.  Accordingly, to the extent that Plaintiff intended to bring a claim under the FTCA, that claim is due to be dismissed.

**B.     Bivens claims**

"[N]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[3]  42 U.S.C. § 1997e(a).  This "exhaustion requirement 'applies to all

---

[3]Although Defendants do not address the issue of whether a claim involving a prisoner's transport to or from prison is an action "brought with respect to prison conditions," at least one court has applied the § 1997e(a) exhaustion requirement to

inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.' This provision entirely eliminates judicial discretion and instead mandates strict exhaustion, 'irrespective of the forms of relief sought and offered through administrative avenues.'" Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005) (citation omitted) (quoting Porter v. Nussle, 534 U.S. 516, 532 (2002), and Booth v. Churner, 532 U.S. 731, 741 n.6 (2001)).  Furthermore, there is no futility exception to this exhaustion requirement.  See Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998) (applying the exhaustion requirement to a Bivens action and stating that "the judicially recognized futility and inadequacy exceptions do not survive the new mandatory exhaustion requirement" of the Prison Litigation Reform Act of 1995, and "there is no longer discretion to waive the exhaustion requirement").

---

claims brought in a 42 U.S.C. § 1983 action arising from injuries the plaintiff allegedly sustained "as he was being transported to court in a prison van" that "had no safety restraints, seat belts, or safety harnesses." Howard v. Corr. Corp. of Am., 2005 U.S. Dist. LEXIS 18167 at *1-*2, *11 (S.D. Ga. July 5, 2005) (dismissing the complaint without prejudice for plaintiff's failure to exhaust his administrative remedies).  See also Charest v. Dortch, 1999 U.S. Dist. LEXIS 18318 at *21-*22 (S.D. Ala. Oct. 25, 1999) (applying the 42 U.S.C. § 1997e(e) limitation on recovery, "for mental or emotional injury suffered while in custody without a prior showing of physical injury," to the plaintiff's claim for psychological damage he allegedly suffered when the defendant drove him "at excessive rates of speed" without securing him with a seat belt).

6

Again, Plaintiff has not alleged that he exhausted his administrative remedies with respect to his <u>Bivens</u> claims, nor is there any evidence in the record that he has done so.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [Doc. 21] is **HEREBY GRANTED**, and the instant action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 25th day of July, 2006.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
UNITED STATES DISTRICT JUDGE